**STATE**

v.

**Albert A. GRUNDY.**

**No. 94–535–Appeal.**

Supreme Court of Rhode Island.

March 31, 1995.

Aaron Weisman, Providence.

Paula Hardiman, Paula Rosin, Providence.

**ORDER**

This matter came before the Supreme Court on March 17, 1995, pursuant to an order directing the state and the defendant to appear and show cause why the issues raised in this appeal should not be summarily

decided. In this case the defendant, Albert Grundy, has appealed from a finding that he violated the terms of his probation. He was ordered to serve five years of two previously suspended sentences.

After reviewing the memoranda submitted by the parties and after hearing their counsel in oral argument, this court concludes that cause has not been shown. The appeal will be decided on the merits at this time.

At the violation hearing a witness testified that he walked out of the Norwest Financial Services office on Pawtucket Avenue in East Providence to go to a nearby bank. He noticed that an automobile belonging to one of his employees was being backed out of its parking place. The car was a 1984 Corvette with license plate LN–41. He knew that the car's owner was not driving it because she was inside at work. He testified that there were two people in the car, neither of whom he recognized. When he made eye contact with them, the driver accelerated and drove directly at him. The car struck him but he was able to put out his hand and push himself away from harm, although he did get knocked to the ground. He was able to get up in time to see the car heading south on Pawtucket Avenue. He went back to his office to call the police.

An East Providence officer testified that he received a dispatch call and went immediately to the Washington Bridge at I–195 West to cover one of the exits from the city. Within a couple of minutes he saw the stolen Corvette entering the highway, he pulled out into traffic and got as close to the car as he could and got a good look at both the driver and the passenger. When the officer activated his siren and lights, the car fled and he chased it off the Gano Street exit ramp and into India Point Park. He saw the car abandoned next to the Fish Company Bar and noticed two young men running away and pursued them on foot. He eventually apprehended both men in a court yard into which they had run. The defendant presented alibi witnesses who placed defendant at a different location about the time the car theft occurred.

In a violation hearing, the prosecution is required only to establish the violation by reasonably satisfactory evidence. *State v. Olsen*, 610 A.2d 1099, 1103 (R.I.1992). Our review on appeal is limited to considering whether the trial justice acted arbitrarily or capriciously in finding a violation. After reviewing the record of the case this court is of the opinion that the trial justice was clearly justified in finding a violation.

For these reasons the defendant's appeal is denied and dismissed, the judgment appealed from is affirmed and the papers of the case are remanded to the Superior Court.